PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

**IN THE UNITED STATES DISTRICT COURT
FOR THE** Southern **DISTRICT OF TEXAS**
Houston **DIVISION**

United States Courts
Southern District of Texas
FILED
*August 24, 2022*
Nathan Ochsner, Clerk of Court

Kelly Elaine Slayton SPN# 03078865
Plaintiff's Name and ID Number

Harris County Jail
Place of Confinement

CASE NO. 4:21-CV-02553
(Clerk will assign the number)

v.

Harris County Jail 1200 Baker ST. Houston, TX 77002
Defendant's Name and Address

J. Lawrence 1200 Baker ST. Houston, TX 77002
Defendant's Name and Address

Harris County Sheriff's Dept.
Defendant's Name and Address    1200 Baker ST.
(DO NOT USE "ET AL.")    Houston, TX 77002

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: August 05, 2022
      2. Parties to previous lawsuit:
         Plaintiff(s) Kelly Elaine Slayton
         Defendant(s) J. Lawrence
      3. Court: (If federal, name the district; if state, name the county.) Southern District
      4. Cause number: 4:22-2572
      5. Name of judge to whom case was assigned: George C. Hanks, JR.
      6. Disposition: (Was the case dismissed, appealed, still pending?) Still pending
      7. Approximate date of disposition: August 05, 2022

2

II. PLACE OF PRESENT CONFINEMENT: Harris County Jail

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Kelly Elaine Slayton, 1200 Baker Street, Houston, Texas 77002-1206.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Harris County Jail
1200 Baker Street, Houston, Texas 77002-1206
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Deprived of all basic needs: Food, water, hygiene, medical, and safety.

Defendant #2: J. Lawrence.
1200 Baker Street, Houston, Texas 77002-1206
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Denied medical, racially verbal threats, deprived of food.

Defendant #3: Harris County Sheriff's Department
1200 Baker Street, Houston, Texas 77002-1206
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Verbally, sexually, and physically assaulted by employees.

Defendant #4: Harris County Federal Marshal
1200 Baker Street, Houston, Texas 77002-1206
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Sexually assaulted and denied legal council.

Defendant #5: Arresting and Transporting Officer Buck
300 Industrial Blvd., Comanche, TX 76442
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Illegal arrest, improper search, forced to wear another inmate's clothes when transported. (male clothes.)

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

December 2020 I was illegally arrested and searched improperly by Officer Buck and another transporting officer for the Harris County charge against me. I was denied legal counsel out of county when I was interrogated in Comanche County on a Harris County charge. While in Harris County Jail for nearly twenty months I exhausted all grievances regarding numerous racist jail employees, The most recent one being J. Lawrence. I continued to experience inhumane treatments I grieved to no avail.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want a full investigation, $185,000 in compensatory damages, $500,000 in punitive damages, and $1 Million for sexual abuse and misconduct.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Kelly Elaine Clark, Kelly Elaine Slayton, Emily Parsons.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

SPN #03078865

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___ YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?   ___ YES  ___ NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): Southern District
2. Case number: 4:21-CV-03596
3. Approximate date warning was issued: November 2021

Executed on: 08/18/2022
            DATE

Kelly Elaine Slayton
Kelly Elaine Slayton
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 18th day of August, 20 22.
         (Day)              (month)           (year)

Kelly Elaine Slayton
Kelly Elaine Slayton
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

United States Courts
Southern District of Texas
FILED
AUG 24 2022
Nathan Ochsner, Clerk of Court

Thursday, August 18, 2022

Addendum  One of Two

All complaints are related to and/or stemming from the illegal arrest and holding, myself, Kelly Elaine Slayton; Subjecting me to inhumane treatments, illegal unconstitutional acts, and life-threatening malicious assaults that require untreated medical compensation.

When I was physically and sexually assaulted in Harris County Jail I was denied medical treatment. While handcuffed I was ordered by a jail employee to sign a medical refusal. I needed medical treatment and didn't sign a refusal; Therefore, the jail employee forged my signature while I was still handcuffed, arms behind my back. This is only one reoccuring examples out of hundreds I've been subjected to in Harris County Jail and Comanche County Jail, by Harris County Sheriff's Department Employees. Majority of my grievances have/had been ignored both electronically, hand-written, and verbally. As a white female minority in Harris County Jail, I fear for my life daily!

Thursday, August 18, 2022

Addendum two of two

While in Harris County Jail I have been forced, bribed, and threatened and manipulated to hire counselman William Kauper Cheadle Bar Number 04162950. Witness letters had been sent to the State Bar of Texas. The private investigator on that relevance to illegal malicious treatment to the jail is pending. James Spencer is the private investigator, phone number (713)758-8200. Sexual misconduct and illegal representation in revelance to jailhouse assaults. All documented specifics were sent to my court appointed attorney Charles Alexander Brodsky Bar Number 2405774. These reports give specific dates, times, people involved, and witness statements. Such reports from December 2020 to March 2022, when William K. Cheadle appointed himself "hired" and fired my court appointed attorney without my knowledge or consent. William K. Cheadle is conflict of interest as he had an abundance of attorney-client visits with potential clients, where he shared specific details of me, leading to abuse in jail.

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ELAINE SLAYTON, (SPN #03078865) Plaintiff, | § § § § § § | CIVIL ACTION NO. 4:21-cv-02553 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| HARRIS COUNTY JAIL, *et al*, Defendants. | § § § § | |

ORDER STRIKING COMPLAINT

Kelly Elaine Slayton is an inmate of the Harris County Jail. She brought this suit under 42 USC § 1983 in August 2021 and proceeds *pro se* and *in forma pauperis*.

Her original complaint brings suit against the following Defendants: Harris County Jail, the Harris County Sheriff's Department, the Harris County Federal Marshal, and transporting and arresting officers.

As best can be determined, her complaint asserts at least claims of deprivation of basic needs in the Harris County Jail; denial of legal counsel; violation of her right to privacy; sexual assault; verbal assault by employees; medical neglect; forgery of her signature; illegal arrest in December 2020 while hospitalized in Comanche, Texas; illegal transport from Comanche to Harris County on January 8, 2021; improper search by the male federal transportation officer during transport and forced to wear other inmates' clothing; deprivation of food, proper hygiene, and sexual assault; deprivation of water, food, and showers during the power outage on February 17, 2021; and infliction of starvation, dizzy spells, blood sugar issues,

scars, bruises, and scratches. She seeks $185,000 in compensatory damages and $500,000 in punitive damages. She also sues the federal transportation officer for $1 million for sexual abuse and misconduct.

Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. A respected treatise interpreting these rules notes that joinder shouldn't be allowed for claims arising out of different transactions and not involving all defendants. See 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1583 (2d ed 1990).

The original complaint plainly doesn't comply with Rules 18 and 20. It makes allegations against numerous defendants and involves more than one transaction. Indeed, the various events made the basis of this lawsuit appear to have taken place at distinct times over a three-month period between December 2020 and February 2021. Some of the events took place in Comanche, Texas, while others took place *en route* to and at the Harris County Jail. While some could be said to overlap, many are entirely distinct and separate.

Slayton proceeds *in forma pauperis* in this case. It appears that she seeks to avoid future assessment of additional filing fees by including numerous different claims in a single action. Such evasion of the Rules isn't permitted.

It is ORDERED that:

1. Slayton's original complaint is STRICKEN from the record. Dkt 1.
2. By September 9, 2022, Slayton MUST FILE an amended complaint in this case using the attached forms. Slayton is admonished that her amended

complaint must comply with the Federal Rules of Civil Procedure by including only one claim. In this regard:

- The complaint must present one set of related facts and circumstances stemming from one incident or issue unless the other contentions alleged are related to the same incident. Unrelated claims must be filed as separate actions.
- Slayton's amended complaint must consist of no more than the five-page form provided by the Clerk plus a legibly handwritten or double-spaced typed addendum consisting of no more than ten pages, for a total of fifteen pages or less.
- Slayton must not attach any exhibits to the amended complaint. Slayton must not include any legal arguments or extensive details in her complaint. Slayton must provide the essential facts surrounding a single transaction.

3. If the amended complaint exceeds the fifteen-page limit or includes unrelated claims, Slayton will be subject to sanctions, including the striking of her new pleadings and the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey Court orders.

4. Failure to comply within the time specified may result in dismissal of this action for want of prosecution.

SO ORDERED.

Signed on ___August 05, 2022___, at Houston, Texas.

*Chas R Eskridge III*
Hon. Charles Eskridge
United States District Judge

3

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**
Name _Kelly Elaine Slayton_
SPN _03078865_   Cell _4C2_
Street _1200 Baker street_
HOUSTON, TEXAS 77002 _-1206_



**Keefe** Commissary Network

**INDIGENT**

United States Courts
Southern District of Texas
FILED
AUG 24 2022
Nathan Ochsner, Clerk of Court

Clerk
United States District Court
Southern District of Texas (Legal Mail)
P.O. Box 61010
Houston, Texas
77208. U.S.A.



NORTH HOUSTON TEXAS
22 AUG 2022 PM 1 L

US POSTAGE PITNEY BOWES
ZIP 77002  $001.05
02 4W
0000362478 AUG 22 2022

77208-101010